**The STATE of Texas, Appellant,**

v.

**Wesley Wolfe Racliff HAWORTH, Appellee.**

**NUMBER 13–15–00519–CR**

Court of Appeals of Texas, Corpus Christi-Edinburg.

Delivered and filed May 4, 2017

Ricardo P. Rodriguez, Hidalgo County Dist. Atty., Rodolfo Martinez Jr., Hidalgo County Dist. Atty's Office, Appeals Section, Edinburg, for Appellant.

A. Andre Maldonado, Law Office of Santos Maldonado, Edinburg, for Appellee.

Before Chief Justice Valdez and Justices Rodriguez and Hinojosa

## OPINION

Opinion by Justice Hinojosa

The State appeals from the trial court's granting of a motion to suppress filed by appellee, Wesley Wolfe Racliff Haworth. In two issues, the State complains that the trial court's granting of Haworth's motion to suppress constituted error in that: (1) the trial judge presided and ruled despite having become a witness as to evidentiary facts in dispute and thus did not act as an impartial arbiter of the facts; and (2) the ruling was based on matters not within the evidentiary record. We reverse and remand.

### I. BACKGROUND

During an early morning hour, Van Slusser, a sergeant with the University of Texas System Police Department, witnessed Haworth's vehicle make a U-turn when the vehicle's turn lane was allegedly controlled by a red light. Slusser initiated a traffic stop, conducted field sobriety tests, and arrested Haworth on suspicion of driving while intoxicated. Haworth refused to provide a breath or blood specimen, and he was later charged by criminal complaint with one count of driving while intoxicated. *See* TEX. PENAL CODE ANN. § 49.04(a) (West, Westlaw through 2015 R.S.).

Haworth moved to suppress, among other things, all evidence seized by law enforcement officers or others in connection with his detention and arrest. At the suppression hearing, the State called Slusser to testify and a dash-cam video from Slusser's police unit was introduced by Haworth and admitted by the trial court. Haworth argued that Slusser could not have seen the turn signal because his view was obstructed by a tree, and he pointed to the dash-cam video as evidence in support of his argument. The trial court set the matter for hearing at a · later date.

At the later hearing, the trial court stated:

This is the motion to suppress that was from UTPA where the officer was parked in front of—one of the administrative buildings and he noticed that Mr. Haworth was hanging a u-turn there in front of the Dairy Queen.

I had a chance, not only to review the video, but I had a chance to go out there and inspect the location myself. I do that. And it seemed—I'm not going to use the word that I want to use, but it seemed pretty "impossible" to be able to see from where he was parked. And I know where he was parked because

there's only one way to come out from the driving area to where he was witnessing that u-turn. And it must be no less than from here to Ramon Garcia's office, through trees.

So after reviewing that, and after taking into consideration the testimony and the video of the officer your motion to suppress at this [time] is granted.

The trial court signed an order granting Haworth's motion to suppress the following day. The State requested findings of fact and conclusions of law. However, none were filed.[1] This appeal followed.

## II. DISCUSSION

### A. Applicable Law

The State primarily relies on *Gentry v. State.* No. 06-05-00237-CR, 2006 WL 932057 (Tex. App.–Texarkana Apr. 12, 2006, no pet.) (mem. op., not designated for publication).[2] In *Gentry*, Dreesen, a constable, received reports of two men "walking in and out of traffic or in and out of pastures and things north of Jefferson," Texas. *Id.* at *1. When Dreesen saw Gentry and his companion walking down the side of a highway, he stopped them, conducted a pat-down search of Gentry, and found a switchblade knife and marihuana. *Id.* Dreesen arrested Gentry, and Gentry was charged with possession of a prohibited weapon. *Id.* Gentry moved to suppress the knife, and in denying that motion, the trial court stated,

You can stop. Because I'm going to be honest with you, I remember this day. I live on that road. This Motion is going to be denied because I'm one of them that almost hit them. I'm going to deny this

Motion to Suppress. I'm not so sure that I wasn't one of them who called Officer Dreesen to be honest with you. I remember this day and I remember the situation. I'm going to deny the Defendant's Motion today; it's not going to be granted.

. . . .

Like I say, I've got firsthand knowledge of the situation . . . and I believe he has the right to do this [search the defendant].

. . . .

To be honest with you, my decision is based on what I saw that day.

*Id.* When the trial judge refused to recuse himself, Gentry entered into a plea agreement wherein he was placed on misdemeanor deferred adjudication community supervision for ninety days and fined $150.00. *Id.* On appeal, the Sixth Court of Appeals noted that "the trial judge stated clearly that he was making his determination and ruling based, not on the evidence adduced at the hearing, but on his personal knowledge of the event." *Id.* at *3. It held that the judge's actions constituted structural error, were void, and that he was disqualified "because of his stated inability to rule based solely on the evidence adduced at the trial." *Id.*

### B. Analysis

■ Haworth argues that *Gentry* is distinguishable on the ground that the trial judge in this case did not witness the events that occurred on September 24, 2014. We reject Haworth's attempt to dis-

---

1. On appeal, the State does not complain about the lack of findings of fact and conclusions of law.

2. Normally we would apply a bifurcated standard of review in reviewing a ruling on a

motion to suppress. *Valtierra v. State,* 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). However, we will not do so in this case in light of our finding of structural error.

tinguish *Gentry*. The State, in its brief,[3] argues that the "circumstances of the instant case present even more difficulties vis-à-vis impartiality than those presented in *Gentry*." We agree with the State because in this case, the trial court sought out the location where it believed Slusser was positioned and then used its observations as part of the stated basis for ruling on the motion to suppress.

Haworth also argues that the State waived its first issue by failing to object in the trial court. We fail to see how the State could have timely objected. There is no indication that the State knew of the trial court's personal observations before the ruling was pronounced. The trial court first disclosed its personal observations in the middle of stating its ruling. In terms of legal authority, Haworth references *Muniz v. State*, 851 S.W.2d 238 (Tex. Crim. App. 1993), without a pinpoint cite and with only the parenthetical "failure to object can waive even an error involving constitutional rights" and *Brumit v. State*, 206 S.W.3d 639, 644–45 (Tex. Crim. App. 2006). Haworth argues that the court in *Brumit*, "reexamined the issue of failure to preserve an objection to judicial impropriety or bias and declined to address whether this issue must be preserved, and instead, examined the record for clear evidence of judicial bias." Haworth's argument and his references to *Muniz* and *Brumit* fail to explain why we should not follow *Gentry's* holding that the trial court's comments constituted a structural error that need not be preserved.

 In support of its conclusion that the trial court structurally erred, the *Gentry* court relied on *Arizona v. Fulminante*, 499 U.S. 279, 309–10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991), for the proposition that without the basic protection of an impartial judge, a criminal trial cannot reliably serve its function as a vehicle for determination of guilt or innocence, and no criminal punishment can be regarded as fundamentally fair. *Gentry*, 2006 WL 932057 at *3 (citing *Fulminante* 499 U.S. at 309–10, 111 S.Ct. 1246). We find *Gentry's* reading of *Fulminante* apt. We believe a trial judge that *sua sponte* obtains personal knowledge about contested facts and uses that personal knowledge in ruling on a motion to suppress has disqualified himself and created structural error for which no objection is necessary. *See Id.* at *3.

Given the facts of this case, the trial judge's action in basing his ruling not on the evidence, but, at least in part, on his personal knowledge of contested facts, was error requiring disqualification. *See id.* We hold that the trial judge was disqualified from acting on the ground that he *sua sponte* obtained personal knowledge about contested facts and used that personal knowledge in ruling on a motion to suppress. *See id.* Having concluded that the trial judge was disqualified, the actions taken by the judge are therefore void.

The State's two issues are sustained.

### III. CONCLUSION

The order granting Haworth's motion to suppress is reversed, and the case is remanded for further proceedings consistent with this opinion.

---

**3.** We note that the State did not file a reply brief. *See* Tex. R. App. P. 38.3.